[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12661
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cv-01621-LSC


CHALANDA CABBIL,
EARL CABBIL,
CHARLOTTE CABBIL,

                                        Plaintiffs-Appellants,

versus

KEVIN MCKENZIE,
BOBBY WINDHAM,
JOHN BROWN,
WAYNE ROBERTSON,
JEFF SNYDER,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 4, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Chalanda, Earl, and Charlotte Cabbil (collectively, Plaintiffs) appeal the district court's order dismissing with prejudice their action pursuant to 42 U.S.C. § 1983 for unlawful entry and search of their residence and illegal seizure in violation of their Fourth and Fourteenth Amendment rights. On appeal, Plaintiffs argue that the district court erred when it ignored their argument that the affidavit and application for the search warrant were insufficient to support a finding of probable cause to search Plaintiffs' residence. Plaintiffs further contend that the district court erred by refusing to accept as true allegations set forth in their complaint alleging that Chalanda and Earl Cabbil's arrest warrants were issued based on evidence that was planted or falsified by Defendants.

Because the district court did not commit reversible error, we affirm.

I.

Chalanda and Earl Cabbil are the live-in adult children of Charlotte Cabbil. Defendants Kevin McKenzie, Jeff Snyder, Wayne Robertson, Bobby Windham, and John Brown (collectively, Defendants) are agents with the West Alabama Narcotic Task Force (WANTF). WANTF investigates drug-related offenses. Defendants were involved in an investigation of a large illegal drug distribution organization in the city of Tuscaloosa. The head of this organization, Demetrius

2

Quarrels—a known drug dealer who had been arrested in the past for drug trafficking offenses—had been under investigation by WANTF for approximately thirteen years. Chalanda was involved in a romantic relationship with Quarrels at the time Defendants sought a warrant to search Plaintiffs' residence.

Defendant McKenzie applied for a search warrant and provided a signed affidavit that described the illegal drug operation and the various places to be searched that included Plaintiffs' residence. The affidavit alleged, among other things, the following: Quarrels previously had been arrested for possessing large quantities of drugs; Chalanda was a known "associate" of Quarrels; Quarrels's vehicle had been spotted at Plaintiffs' residence on several occasions; and Quarrels sometimes used Chalanda's telephone to conduct drug-related transactions. Based on this information, a magistrate judge issued a search warrant for Plaintiffs' residence.

When Defendants executed the search warrant on the residence, they found a residue that appeared to be cocaine located in a common area in the basement. Upon discovering the residue, Defendant McKenzie obtained arrest warrants for both Chalanda and Earl. A few days later, both Chalanda and Earl were arrested and charged with possession of a controlled substance. The charges against Chalanda and Earl were later dismissed.

## II.

We review the district court's grant of a motion to dismiss based on qualified immunity de novo. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). In doing so, we "determine whether the complaint alleges a clearly established constitutional violation, accepting the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting our review to the four corners of the complaint." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Once an officer has raised the defense of qualified immunity, the burden is on the Plaintiff to show that the officer is not entitled to it. *St. George*, 285 F.3d at 1337.

## III.

We begin by addressing Plaintiffs' argument that the warrant affidavit failed to support a finding of probable cause; or as Plaintiffs put it, "failed to support any connection between the plaintiffs' home and any illegal activity." Because the affidavit supported a finding of probable cause to search Plaintiffs' residence, we find that Plaintiffs' complaint fails to allege a constitutional violation regarding the alleged unlawful entry and search of their residence.

"Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from suit unless the official's conduct violates clearly established federal statutory or constitutional rights of

4

which a reasonable person would have known."[1]  *Keating*, 598 F.3d at 762.

(internal quotation marks omitted) (alterations in original).  "When properly

applied, [qualified immunity] protects all but the plainly incompetent or those who

knowingly violate the law."  *Ashcroft v. al-Kidd*, 563 U.S. __, __, 131 S. Ct. 2074,

2085 (2011) (internal quotation marks omitted). To avoid dismissal, the plaintiff's

allegations must establish both (1) a constitutional violation and (2) that the

violation was clearly established.  *Keating*, 598 F.3d at 762.  A constitutional right

is clearly established when "the contours of [the] right are sufficiently clear that

every reasonable official would have understood that what he is doing violates that

right."  *al-Kidd*, 563 U.S. at __, 131 S. Ct. at 2083 (internal quotation marks

omitted).

Where, as here, "the alleged Fourth Amendment violation involves a search

or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a

warrant is the clearest indication that the officers acted in an objectively reasonable

manner." *Messerschmidt v. Millender*, 565 U.S. __, __, 132 S. Ct. 1235, 1245

(2012).  However, the issuance of a warrant by a neutral magistrate, in and of

itself, "does not end [our] inquiry into objective reasonableness." *Id.*  Rather, we

---

[1]"Because qualified immunity is an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (internal quotation marks omitted).  As a result, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id*. at 232, 129 S. Ct. at 815 (internal quotation marks omitted).

will deny immunity and allow "suit when it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id*. (internal quotation marks omitted).

In *United States v. Leon*, the Supreme Court explained that the threshold for establishing this narrow exception is extremely high because, "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient" because "[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." 468 U.S. 897, 921, 104 S. Ct. 3405, 3419 (1984). "Probable cause to support a search warrant exists when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999) (per curiam). We afford great deference to a magistrate judge's determination of probable cause. *Id*.

Here, the parties do not dispute that Defendants were carrying out discretionary law enforcement functions at the time of the alleged constitutional violations. In this situation, the affidavit attached to the complaint supports a finding of probable cause to search Plaintiffs' residence. To illustrate, the affidavit alleged that Quarrels was a known drug dealer that had been under investigation

6

for drug trafficking for approximately thirteen years; Quarrels had been arrested in the past for possessing large quantities of drugs; Chalanda was a known "associate" of Quarrels; Quarrels's vehicle was spotted at Plaintiffs' residence on several occasions, including the date the warrant was issued; and Quarrels sometimes used Chalanda's telephone to conduct drug-related transactions.  Based on this information, there was a fair probability that evidence of Quarrels's drug trafficking operation could have been found at Plaintiffs' residence, and therefore, probable cause to support the search warrant existed.

Under these circumstances, we cannot conclude that "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *See Messerschmidt*, 565 U.S. at __, 132 S. Ct. at 1245 (internal quotation marks omitted).  Since the affidavit supported a finding of probable-cause to search Plaintiffs' residence, the complaint fails to state a constitutional violation. Therefore, Defendants' conduct—entering and searching Plaintiffs' residence pursuant to a warrant supported by probable cause—is qualifiedly immune.

IV.

Finally, we address Plaintiffs' argument that Defendants agreed to illegally seize Chalanda and Earl in violation of their constitutional rights, by planting evidence in the basement of their residence or falsifying its existence in order to support the issuance of their arrest warrants.  We conclude that Plaintiffs failed to

7

meet the pleading requirements regarding § 1983 cases, and therefore, failed to state a cause of action.

Our rules of civil procedure require that a plaintiff state a cause of action in "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, with respect to § 1983 cases, we require plaintiffs to allege with specificity the facts upon which a claim is based "in an effort to weed out nonmeritorious claims." *See Keating*, 598 F.3d at 762–63 (internal quotation marks omitted). In other words, "in a § 1983 action, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *See id*. at 763; (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009)).

Here, Plaintiffs' complaint falls short of these requirements. Plaintiffs must allege with specificity which Defendant actually planted the cocaine or falsely claimed that it existed. While Plaintiffs allege that Defendants planted cocaine residue or falsely claimed that it was present in the basement of the residence, Plaintiffs fail to allege with specificity which Defendant, through his own individual conduct, planted cocaine or falsely claimed that it was present in the basement. For these reasons, Plaintiffs' claim for illegal seizure fails to state a cause of action.

**AFFIRMED**.

8